*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6422-GW(PLAx) | Date | October 11, 2013 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Donna Doan, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER REMANDING ACTION TO STATE COURT**

      Following a non-judicial foreclosure sale, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo" or "Plaintiff") became the current owner of a piece of real property located at 2551 Fitzgerald Road, Simi Valley, CA 93065 (the "Property").  Compl., Docket No. 1, Ex. A, ¶ 1.  Defendants Donna Doan ("Doan") and Ryan Edwards ("Edwards") (collectively, "Defendants") are the previous owners and continue to occupy the Property.  *Id.* ¶ 2.  On May 2, 2013, Plaintiff served Defendants with a "written notice demanding that they surrender possession of the real [P]roperty to [P]laintiff not later than three days following service of said written notice."  *Id.* ¶ 5.  Defendants failed to move out within three days of receipt of the notice.  *Id*. ¶ 6.  On June 6, 2013, Plaintiff filed this unlawful detainer action in state court to compel Defendants to quit the property.  *See generally id.*  On September 3, 2013, Defendants removed the lawsuit to this Court, arguing that Plaintiff's claim is "based upon a notice which expressly references and incorporates" 12 U.S.C. § 5201.  Notice of Removal, Docket No. 1, ¶ 7.  The notice to which Defendants apparently are referring is Plaintiff's "Three Day Notice to Quit."  *See id.*, Ex. A.  Nowhere in the Complaint does Plaintiff reference this, or any, federal statute.  *See generally* Compl.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional defect.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).  Further, a "strong presumption" against removal jurisdiction exists.  *See Gaus*

| | : | |
|---|---|---|
| Initials of Preparer | JG | |

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6422-GW(PLAx) | Date | October 11, 2013 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Donna Doan, et al.* | | |

*v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Federal subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. As a result, the fact that Plaintiff referenced a federal statute, 12 U.S.C. § 5201, in its "Three Day Notice to Quit", *see* Notice of Removal, Ex. A, cannot serve as the basis for establishing federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

The Court thus REMANDS the action to state court, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action, and VACATES the scheduling conference set for October 17, 2013. *See* Docket No. 5.

                                                                    :

Initials of Preparer    JG